# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| JOHN R. SITAR, | Case No. 14-cv-10603 |
| | Hon. Patrick J. Duggan |
| Plaintiff, | Mag. Laurie J. Michelson |
| v | |
| CITIMORTGAGE, INC., | |
| Defendant. | |

| | |
|---|---|
| G. SAL GANI, P.C. | TROTT & TROTT, P.C. |
| By: G. Sal Gani (P40404) | By: Rana Razzaque (P67627) |
| Attorney for Plaintiff | Attorney for Defendant |
| 1005 W. Washington Avenue | 31440 Northwestern Hwy., Ste. 200 |
| Lansing, MI 48910 | Farmington Hills, MI 48334 |
| (517) 372-8944 | (248) 723-5073 |

## DEFENDANT CITIMORTGAGE, INC.'S REPLY TO PLAINTIFF'S RESPONSE TO CITIMORTGAGE'S MOTION FOR JUDGMENT ON THE PLEADINGS AND FOR SUMMARY JUDGMENT

NOW COMES, Defendant CitiMortgage, Inc. ("CMI"), by and through its attorneys, Trott & Trott, P.C., and states as follows for its Reply to Plaintiff's Response to CitiMortgage's Motion for Judgment on the Pleadings and for Summary Judgment.

## STATEMENT OF FACTS

The crux of Plaintiff's argument, as outlined in his Complaint, is his theory that there should be an assignment of mortgage from the original mortgagee, ABN AMRO Mortgage Group, Inc., to CMI, prior to any foreclosure sale. CMI has filed its dispositive motion explaining that CMI is the successor by merger

TROTT & TROTT, P.C.
31440 NORTHWESTERN
HIGHWAY, SUITE 200
FARMINGTON HILLS, MI
48334-2525
PHONE (248) 642-2515
FACSIMILE (248) 205-4118

to ABN AMRO Mortgage Group, Inc. ("ABN AMRO"), thus, pursuant to the applicable law, no assignment is required. CMI's position is supported by applicable statutory and case law. According to Plaintiff's Response to the dispositive motion, it appears Plaintiff is now claiming that: 1) CMI must establish a "valid merger," (Pl's Resp. at ¶ 14); 2) that the involvement of Freddie Mac leaves CMI as a "mere servicer, thus affecting the assignment required and chain of title" (Pl's Resp. at ¶ 15); and 3) that if the assets of ABN AMRO Mortgage Group, Inc., were purchased prior to the merger, then "there is a genuine of fact [sic] as to the validity of a subsequent merger and valid chain of title" (Pl's Resp. at ¶ 16). Plaintiff further argues that discovery is required in order to flush out these issues. Plaintiff does not provide any law in support of his arguments, but merely presents his theories to this Court. Contrary to Plaintiff's arguments, there are no factual matters to be determined in discovery. The issue before this Court is strictly a matter of law, one which has been previously established by a number of courts.

The issues raised by Plaintiff are red herrings which should be seen as such by this Court. The simple facts of this case reveal that CMI, as the successor by merger to the original mortgagee, has standing to foreclose as the mortgagee of record and as the servicer. Further, Freddie Mac's interest has no bearing on CMI's ability to foreclose. This case should be dismissed and CMI be allowed to continue with foreclosure proceedings.

TROTT & TROTT, P.C.
31440 NORTHWESTERN HIGHWAY, SUITE 200
FARMINGTON HILLS, MI 48334-2525
PHONE (248) 642-2515
FACSIMILE (248) 205-4118

## LEGAL ARGUMENT

CMI is entitled to foreclose the Mortgage at issue as the mortgagee of record and as the servicer of the loan. MCL § 600.3204(1), by its clear language, permits a loan servicer such as CMI to foreclose by advertisement: "[A] party may foreclose a mortgage by advertisement if all of the following circumstances exist…The party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage." Plaintiff was sent notice via letter dated August 22, 2007 that the mortgage loan servicing was being transferred to CMI (**Exhibit A, Aug 22 Ltr**). CMI has standing to foreclose as the servicer of the loan and Plaintiff's inferences that a "mere servicer" cannot foreclose have no merit.

Additionally, CMI has standing to foreclose as the mortgagee of record, and the involvement of Freddie Mac, the investor and owner of the loan, is irrelevant pertaining to CMI's ability to foreclose. CMI is the mortgagee of record due to the merger with ABN AMRO. See *Leone v Citigroup, Inc.*, No. 12-10597; 2012 U.S. Dist. LEXIS 61411 (E.D. Mich. May 2, 2012); *Meyer v CitiMortgage, Inc.*, No. 11-13432; 2012 U.S. Dist. LEXIS 19548, *11 (E.D. Mich. Feb. 16, 2012).

The well-settled law in the State of Michigan is that a mortgagee has sufficient interest in the indebtedness to foreclose. In the case of *Arnold v DMR Fin. Servs.*, 448 Mich 671; 532 NW2d 852 (Mich 1995) the Michigan Supreme Court examined a foreclosure by advertisement with the following

TROTT & TROTT, P.C.
31440 NORTHWESTERN HIGHWAY, SUITE 200
FARMINGTON HILLS, MI 48334-2525
PHONE (248) 642-2515
FACSIMILE (248) 205-4118

facts: a financial company entered into a mortgage with a homeowner to finance a house. The financial company later pooled the mortgage with the Government National Mortgage Association (GNMA) and executed an assignment of mortgage for the loan. The assignment was for security purposes only and was not recorded. The homeowner sold the house to an assignee. The assignee assumed the mortgage but defaulted on the payments. The financial company commenced foreclosure by advertisement proceedings pursuant to MCL § 600.3201 *et seq*. The mortgage assignee filed suit claiming the sale was invalid because the financial company had not recorded the assignment to GNMA. The Michigan Supreme Court upheld the validity of the sale, holding that the financial company, as the record mortgagee, could foreclose and that the unrecorded security interest was irrelevant. The *Arnold* court, relying on the *Feldman v Equitable Trust Co.*, 278 Mich 619, 624-625; 270 NW 809 (Mich 1937) case, specifically held:

> In *Feldman*, this Court held, and we hold again, that 1929 CL 14426 provided that only the record holder of the mortgage could foreclose by advertisement, and the mortgagor was not affected by the fact that others had an unrecorded interest in the mortgage. This Court determined <u>that a foreclosure by the record mortgagee was proper</u>, and the presence of an unrecorded security assignment was irrelevant. It noted that the existence of equitable rights in the mortgage by persons other than the person who had legal title alone did not create a valid objection on behalf of the mortgagor if the mortgagor was unaffected by those interests. We reach the same conclusion in the instant case. <u>Only the record holder of the mortgage has the power to foreclose</u>; the validity of the foreclosure is not affected by any unrecorded assignment of interest held for security *Id*. at 676-678. (Internal citations omitted) (Emphasis added).

TROTT & TROTT, P.C.
31440 NORTHWESTERN HIGHWAY, SUITE 200
FARMINGTON HILLS, MI 48334-2525
PHONE (248) 642-2515
FACSIMILE (248) 205-4118

In this case, CMI is the mortgagee of record, as the successor by merger to ABN AMRO. Thus, it has the power to foreclose. The interest of Freddie Mac is irrelevant pertaining to this issue.

More recently, the Michigan Supreme Court considered whether Mortgage Electronic Registration Systems, Inc. ("MERS"), as mortgagee, could foreclose. The Michigan Supreme Court answered in the affirmative. In the case of *Residential Funding Co., LLC v Saurman*, 490 Mich 909; 805 NW2d 183 (Mich 2011) the Michigan Supreme Court considered whether MERS, as mortgagee, had a sufficient interest in the indebtedness to foreclose pursuant to MCL 600.3201 *et seq*. The court stated:

> as record-holder of the mortgage, MERS owned a security lien on the properties, the continued existence of which was contingent upon the satisfaction of the indebtedness. This interest in the indebtedness—i.e., the ownership of legal title to a security lien whose existence is wholly contingent on the satisfaction of the indebtedness—authorized MERS to foreclose by advertisement under MCL 600.3204(1)(d). *Id.* at 909.

The *Saurman* court relying on *Feldman*, and *Arnold, supra*, again held that "[o]nly the record holder of the mortgage has the power to foreclose..." *Id.* at 910. Additionally, the *Saurman* court explained:

> We discern no indication that when the Legislature amended MCL 600.3204(1) in 1994 it meant to establish a new legal framework in which an undisputed record holder of a mortgage, such as MERS, no longer possesses the statutory authority to foreclose. Rather, as explained above, <u>the Legislature's use of the phrase "interest in the indebtedness" to denote a category of parties entitled to foreclose by advertisement indicates the intent to include mortgagees of record among the parties entitled to foreclose by advertisement</u>...*Id.* at 910 (emphasis added).

TROTT & TROTT, P.C.
31440 NORTHWESTERN HIGHWAY, SUITE 200
FARMINGTON HILLS, MI 48334-2525
PHONE (248) 642-2515
FACSIMILE (248) 205-4118

Thus, CMI has standing to foreclose as the mortgagee of record.

Lastly, Plaintiff's response to the dispositive motion appears to challenge the validity of the merger between ABN AMRO and CMI. Without question, Plaintiff is not a party to the merger between ABN AMRO and CMI. Courts have overwhelmingly held that borrowers lack standing to challenge assignments of mortgage to which they are not a party, and also lack standing to challenge compliance with pooling and servicing agreements, along with other transfers of their notes and mortgages. See, *e.g., Clark v Lender Processing Servs.*, 949 F.Supp.2d 763; 2013 U.S. Dist. LEXIS 80442 (N.D. Ohio 2013). Similarly, Plaintiff lacks standing to challenge the merger between ABN AMRO and CMI, and the transfer of servicing rights that occurred as a result of said merger. Plaintiff does not present this Court with any authority that would allow him to challenge the validity of the merger, but merely proffers his hypothesis that the merger was not valid and attempts to shift the burden to CMI to establish a valid merger.

Public records show that CitiGroup, Inc., acquired ABN AMRO Mortgage Group, Inc., a subsidiary of LaSalle Bank Corporation and ABN AMRO Bank N.V. on March 1, 2007. CitiMortgage, Inc., is a wholly owned subsidiary of CitiGroup, Inc.[1] CMI has already provided this Court with copies of the

TROTT & TROTT, P.C.
31440 NORTHWESTERN
HIGHWAY, SUITE 200
FARMINGTON HILLS, MI
48334-2525
PHONE (248) 642-2515
FACSIMILE (248) 205-4118

---

[1] The fact that CitiMortgage, Inc., is a subsidiary of CitiGroup, Inc., can be found on the Securities and Exchange Commission website as part of the Annual 10-K report filed by CitiGroup, Inc. For example, the list of subsidiaries owned by CitiGroup, Inc., for 12-31-13 can be found at http://www.secinfo.com/d11MXs.nepv.6.htm

6

relevant merger documents showing CMI merged with ABN AMRO in September, 2007. The merger took several months to finalize and close after the acquisition as it was subject to and dependent upon customary regulatory filings and approvals, including approval by the Office of the Comptroller of the Currency. None of the entities involved, nor the stockholders or regulatory institutions, challenged the validity of the merger. Clearly Plaintiff, as a non-party to the merger, lacks standing and his argument that CMI must establish a "valid merger" should be disregarded by this Court. The simple fact remains that CMI, as the successor by merger to the original mortgagee, ABN AMRO, has standing to foreclose and no assignment of mortgage is required. Thus, Plaintiff's Complaint should be dismissed, with prejudice.

## CONCLUSION

Defendant CitiMortgage, Inc., requests this Court grant its motion and dismiss the Complaint in its entirety, with prejudice.

Respectfully submitted,<br>
TROTT & TROTT, P.C.<br>
/s/ Rana Razzaque<br>
Rana Razzaque (P67627)<br>
TROTT & TROTT, P.C.<br>
Attorneys for Defendant<br>
31440 Northwestern Hwy., Ste. 200<br>
Farmington Hills, MI 48334<br>
(248) 723-5072<br>
rrazzaque@trottlaw.com

Dated: May 2, 2014

TROTT & TROTT, P.C.
31440 NORTHWESTERN HIGHWAY, SUITE 200
FARMINGTON HILLS, MI 48334-2525
PHONE (248) 642-2515
FACSIMILE (248) 205-4118

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2014 I electronically filed the foregoing paper with the Clerk of the Court using the court's electronic filing system which will send notification of such filing to the following:

G. Sal Gani, Esq.
sal@ganilaw.com

I declare under the penalty of perjury that the statement above is true to the best of my information, knowledge, and belief.

/s/ Theresa Prisby
Theresa Prisby
Legal Assistant
Trott & Trott, P.C.

TROTT & TROTT, P.C.
31440 NORTHWESTERN HIGHWAY, SUITE 200
FARMINGTON HILLS, MI 48334-2525
PHONE (248) 642-2515
FACSIMILE (248) 205-4118

# EXHIBIT A



**ABN·AMRO** Mortgage
PO BOX 9438
GAITHERSBURG, MD 20898-9438

**citimortgage**

August 22, 2007

JOHN R SITAR
4757 BRADLEY RD
GREGORY MI 48137-9537

ABN AMRO Mortgage Group, Inc. Account Number:
New CitiMortgage Account Number:

Dear Customer(s):

ABN AMRO Mortgage Group, Inc. and CitiMortgage, Inc.* want to take this opportunity to say "thank you" and "welcome." Effective September 15, 2007, your mortgage loan servicing will be transferred from ABN AMRO Mortgage Group, Inc. to CitiMortgage. This transfer does not affect the terms or conditions of your loan documents other than the terms directly related to the servicing of your loan.

In an effort to make this transfer as smooth as possible for you, please find below a brief list of changes affecting your mortgage coupons and payments, as well as other important updates. Please take a moment to review this information, as it may answer many of your questions.

### Regarding Your Mortgage Coupons, Statements and Payments

1. ABN AMRO Mortgage Group, Inc. will stop accepting payments after September 14, 2007 and CitiMortgage will start accepting payments September 15, 2007. Starting on that date, all future or past due payments should be sent to CitiMortgage at the address noted below. Please use the return envelope enclosed and payment coupon below to send your payment to CitiMortgage. Please always include your CitiMortgage account number on your check and make it payable to: CitiMortgage, Inc. Beginning September 24, 2007 you may also make payments online at www.citimortgage.com or at a Citibank branch. Every month you will receive a detailed statement from CitiMortgage reflecting all your activity and key financial data. Your first monthly Mortgage Account Statement will arrive in October. Please do not use any ABN AMRO Mortgage Group, Inc. coupons and/or payment envelopes when making your mortgage payment.

2. If your payment is issued by a third party, or if you make your payment through a bill pay service or online service, or if your mortgage payment is drafted biweekly through another provider, please take the appropriate action to ensure that your new account number, 02142706478, new mortgage servicer and new payment mailing address are updated with that provider.

3. CitiMortgage will notify your insurance carrier of the change in your mortgage servicer.

4. In January 2008 you will receive a combined Year-End Statement from CitiMortgage to report the total amount of interest and real estate taxes you paid to ABN AMRO Mortgage Group, Inc. and CitiMortgage in 2007.

### How to Contact Us

SHOULD YOU HAVE QUESTIONS, HERE ARE THE APPLICABLE MAILING ADDRESSES, TOLL-FREE NUMBERS, AND HOURS OF OPERATION.

CONTACT YOUR PRESENT SERVICER, ABN AMRO MORTGAGE GROUP, INC. ON OR BEFORE SEPTEMBER 21, 2007:

CUSTOMER SERVICE TOLL FREE NUMBER & HOURS:
1-800-783-8900
8:30 a.m. to 6:00 p.m. (ET) Monday-Friday

CONTACT YOUR NEW SERVICER, CITIMORTGAGE, INC., ON OR AFTER SEPTEMBER 24, 2007:

| SEND PAYMENT TO: | CUSTOMER SERVICE: |
|---|---|
| CITIMORTGAGE, INC. | TOLL FREE NUMBER & HOURS |
| PO Box 688950 | 1-800-283-7918** |
| Des Moines IA 50368-8950 | 8:00 a.m. to 12:00 Midnight (ET) Monday-Friday |
| Or pay online at www.citimortgage.com | 9:00 a.m. to 6:00 p.m. (ET) Saturday |

### We Look Forward to Serving You

We greatly appreciate the trust you have placed in us. ABN AMRO Mortgage Group, Inc. would like to extend a sincere "thank you" for the opportunity to serve you, and from CitiMortgage comes a genuine "welcome."

Sincerely,

Customer Service
ABN AMRO Mortgage Group, Inc.

Sincerely,

Customer Service
CitiMortgage, Inc.

(RIA)

---

**PLEASE RETAIN FOR YOUR RECORDS**

PLEASE USE THE ATTACHED COUPON TO
REMIT YOUR PAYMENT TO CITIMORTGAGE.

JOHN R SITAR
4757 BRADLEY RD
GREGORY MI 48137-9537

| CitiMortgage Account Number | Monthly Payment |
|---|---|
| | $1,242.23 |

*If your loan is currently in Bankruptcy, this statement is for informational purposes only.
Include your CitiMortgage account number on your check and make it payable to: CitiMortgage, Inc.*

CITIMORTGAGE, INC.
PO BOX 688950
DES MOINES IA 50368-8950

| ADDITIONAL PRINCIPAL | $ |
|---|---|
| LATE CHARGE | $ |
| TOTAL AMOUNT ENCLOSED | $ |

☐ Please check box to indicate mailing address/phone number changes and enter changes on back of coupon.

INTERNET REPRINT

When you provide a check, you authorize us to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. If we use your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.

The following Notice is required by Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. Section 2605)

NOTICE OF ASSIGNMENT, SALE OR TRANSFER OF SERVICING RIGHTS

You are hereby notified that the servicing of your mortgage loan, that is, the right to collect payments from you, is being assigned, sold or transferred from ABN AMRO Mortgage Group, Inc. to CitiMortgage, Inc. effective September 15, 2007.

The assignment, sale or transfer of the servicing of your mortgage loan does not affect any terms or conditions of the mortgage instruments, other than terms directly related to the servicing of your loan.

Except in limited circumstances, the law requires that your present servicer send you this notice at least 15 days before the effective date of transfer, or at closing. Your new servicer must also send you this notice no later than 15 days after the effective date or at closing. In this case, all necessary information is combined in this one notice.

Your present servicer is ABN AMRO Mortgage Group, Inc. If you have any questions relating to the transfer of servicing from your present servicer, please call ABN AMRO Mortgage Group, Inc. toll free at 1-800-783-8900 Monday- Friday 8:30 a.m. to 6:00 p.m. (ET).

Your new servicer will be CitiMortgage, Inc.

The business address for your new servicer is:

CITIMORTGAGE, INC.
ATTN: CUSTOMER RESEARCH
PO BOX 9438
GAITHERSBURG MD 20898-9438

The toll-free telephone number of your new servicer is 1-800-283-7918**. If you have any questions relating to the transfer of servicing to your new servicer call Customer Service at 1-800-283-7918**, a toll-free number, between 8:00 a.m. and 12:00 Midnight (ET) Monday through Friday and 0:00 a.m. to 6:00 p.m. Saturday (ET).

The date that your present servicer will stop accepting payments from you is September 14, 2007. The date that your new servicer will start accepting payments from you is September 15, 2007. Send all payments due on or after that date to your new servicer.

The transfer of servicing rights may affect the terms of, or the continued availability of any optional insurance coverage or other membership products. If your monthly payment includes the collection of optional insurance premiums and/or membership fees with ACE, Aegon/Monumental, American Home Shield, American General, Assurant, Affinion/Benefit Consultants, Chartered Marketing Services, Chase Life Insurance (Protective), Cross Country, Dnasi, Family Life, Federal Life, Liberty Life Insurance, Interstate Life Insurance (Protective), Minnesota Life, and Northstar Life. CitiMortgage will continue to collect your monthly premiums and/or membership fees and remit them to the appropriate provider(s). However, if your current mortgage payment includes insurance premiums and/or membership fee collection for American Heritage/Allstate (800-521-3535), Econ-O-Check (800-241-8803), First Penn Pacific (800-862-1652), Jackson National (800-644-4565), John Alden Hartford Life (800-243-5433, option 3), Lincoln Benefit Life/Allstate Financial (800-525-2799), Lincoln Financial Group/First Penn (800-952-1652), Midland National Life (800-923-3223), Savings Bank of Long Island (SBLI)(877-725-4872), Surety Life/Allstate Financial (800-525-2796), or Texas Savings Life (800-544-9242), you must contact that carrier directly to determine your continuation privileges if applicable.

You should also be aware of the following information, which is set out in more detail in Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. 2605):

"During the 60-day period following the effective date of the transfer of the loan servicing, a loan payment received by your old servicer before its due date may not be treated by the new loan servicer as late, and a late fee may not be imposed on you.

Section 6 of RESPA (12 U.S.C. 2605) gives you certain consumer rights. If you send a "qualified written request" to your loan servicer concerning the servicing of your loan, your servicer must provide you with a written acknowledgment within 20 Business Days of receipt of your request. A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, which includes your name and account number, and your reasons for the request. If you want to send a "qualified written request" regarding the servicing of your loan, it must be sent to:

| ABN AMRO MORTGAGE GROUP, INC. | CITIMORTGAGE, INC. |
|---|---|
| 2600 WEST BIG BEAVER ROAD | ATTN: CUSTOMER RESEARCH |
| M0904-470 | PO BOX 9442 |
| TROY MI 48084 | GAITHERSBURG MD 20898-9442 |

Not later than 60 Business Days after receiving your request, your servicer must make any appropriate corrections to your account and must provide you with a written clarification regarding any dispute. During this 60-Business Day period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request. However, this does not prevent the servicer from initiating foreclosure if proper grounds exist under the mortgage documents. A Business Day is a day on which the offices of the business entity are open to the public for carrying on substantially all of its business functions.

Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of that Section. You should seek legal advice if you believe your rights have been violated."

*CitiMortgage, Inc. does business as Citicorp Mortgage in NM.
**Calls are randomly monitored and recorded to ensure quality service.

**Address/Phone Corrections.** Please check the box on the front side of this form if you have changes to your address OR phone number(s).

Account Number: _____ Name _____
                                  FIRST NAME    MI    LAST NAME

New Mailing Address: _____
                                     STREET ADDRESS

                     _____
                            CITY              STATE              ZIP CODE

New Home Phone. _____ New Work Phone. _____

Have you transferred ownership of your property?   YES _____   NO _____

INTERNET REPRINT